IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TONY MARTINEZ, | ) | |
| | ) | 2:06-cv-2603-GEB-KJM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | STATUS (PRETRIAL |
| | ) | SCHEDULING) ORDER |
| | ) | |
| THRIFTY PAYLESS, INC., dba | ) | |
| RITE-AID #6071; E. BIDWELL & | ) | |
| GLENN LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| AND RELATED CROSS-ACTIONS | ) | |
| | ) | |
| _____ | ) | |

        The status (pretrial scheduling) conference scheduled in

this case for March 12, 2007, is vacated since the joint status report

submitted by the parties ("JSR") obviates the need for the conference.

The following Order issues based on the JSR and available dates.

                SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

        No further service, joinder of parties or amendments to

pleadings is permitted, except with leave of Court, good cause having

been shown.

DISCOVERY

All discovery shall be completed by September 17, 2008.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before April 17, 2008, and with the rebuttal expert disclosures authorized under the Rule on or before May 16, 2008.

MOTION HEARING SCHEDULE

The last hearing date for motions shall be November 17, 2008, at 9:00 a.m.[2]

Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily.  Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result

---

[1]    The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes.  See Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[2]    This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

in the granting of that motion if the movant shifts the burden to the
nonmovant to demonstrate a genuine issue of material fact remains for
trial.  Cf. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a
motion is appropriate only where:

(1)  The Court is presented with newly discovered evidence
that could not reasonably have been discovered prior to the filing of
the party's motion or opposition papers;

(2)  The Court committed clear error or the initial decision
was manifestly unjust; or

(3)  There is an intervening change in controlling law.
A motion for reconsideration based on newly discovered evidence shall
set forth, in detail, the reason why said evidence could not
reasonably have been discovered prior to the filing of the party's
motion or opposition papers.  Motions for reconsideration shall comply
with Local Rule 78-230(k) in all other respects.

The parties are cautioned that an untimely motion
characterized as a motion in limine may be summarily denied.  A motion
in limine addresses the admissibility of evidence.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for January 12, 2009,
at 1:30 p.m.  The parties are cautioned that the lead attorney who
WILL TRY THE CASE for each party shall attend the final pretrial
conference.  In addition, all persons representing themselves and
appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trialworthy issues could be
eliminated sua sponte "[i]f the pretrial conference discloses that no
material facts are in dispute and that the undisputed facts entitle

one of the parties to judgment as a matter of law." Portsmouth Square
v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

        The parties shall file a JOINT pretrial statement with the
Court not later than seven (7) days prior to the final pretrial
conference.[3] The joint pretrial statement shall specify the issues
for trial and shall estimate the length of the trial. The Court uses
the parties' joint pretrial statement to prepare its final pretrial
order and could issue the final pretrial order without holding the
scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d
828, 833 (7th Cir. 1999) ("There is no requirement that the court hold
a pretrial conference."). The final pretrial order supersedes the
pleadings and controls the facts and issues which may be presented at
trial. Issues asserted in pleadings which are not preserved for trial
in the final pretrial order cannot be raised at trial. Hotel Emp., et
al. Health Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987)
("Issues not preserved in the pretrial order are eliminated from the
action."); Valley Ranch Dev. Co. v. F.D.I.C., 960 F.2d 550, 554 (5th
Cir. 1992) (indicating that an issue omitted from the pretrial order
is waived, even if it appeared in the pleading); cf. Raney v. Dist. of
Columbia, 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the
pretrial order to allow assertion of a previously-pled statute of
limitations defense); Olympia Co. v. Celotex Corp., 597 F. Supp. 285,
289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal

---

        [3]   The failure of one or more of the parties to participate in
the preparation of any joint document required to be filed in this case
does not excuse the other parties from their obligation to timely file
the document in accordance with this Order. In the event a party fails
to participate as ordered, the party or parties timely submitting the
document shall include a declaration explaining why they were unable to
obtain the cooperation of the other party.

contention, any claim for relief or defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

TRIAL SETTING

Trial is set for April 7, 2009, commencing at 9:00 a.m.

MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause.**

IT IS SO ORDERED.

Dated:  March 7, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge