IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY MARTINEZ, | 2:06-cv-2603-GEB-KJM |
| Plaintiff, | |
| v. | ORDER[*] |
| THRIFTY PAYLESS, INC., dba RITE-AID #6071; E. BIDWELL & GLENN LLC, | |
| Defendants. | |

Plaintiff moves for $15,829.43 in attorneys' fees and costs under 42 U.S.C. § 12205 and California Civil Code section 52(a). (Dkt. No. 28.) Defendant Thrifty Payless contends only $6,827.68 in fees and costs should be awarded.[1] (Opp'n at 17:18-19.

///

---

[*] Plaintiff states in his motion that oral argument is unnecessary. This matter was submitted for decision without oral argument. L.R. 78-230(h).

[1] On January 23, 2008, Defendant E. Bidwell & Glenn LLC were dismissed from this action pursuant to a Stipulation and Order filed January 23, 2008.

1

BACKGROUND

Plaintiff brought suit against Defendants Thrifty Payless, Inc., dba Rite Aid # 6071 ("Defendant") and E. Bidwell & Glenn LLC, under the federal Americans with Disability Act ("ADA") and California statutes relating to access of public facilities after he allegedly encountered architectural barriers at a Rite Aid in Sacramento, California. (Compl. ¶¶ 1-2.) On February 18, 2008, Plaintiff accepted Defendant Rite Aid's Offer of Judgment, which encompassed both injunctive relief and $4,001 in monetary damages. (Dkt. No. 25.) On February 21, 2008, the Clerk of the Court entered judgment in Plaintiff's favor in accordance with Plaintiff's acceptance of the offer of judgment. (Dkt. No. 26.)

STANDARD

Plaintiff, as the prevailing party in an ADA action, may recover "reasonable attorney's fees, including litigation expenses, and costs."[2] 42 U.S.C. § 12205. When determining the reasonableness of a fee request, courts typically begin by using the lodestar method. Under this approach, "a reasonable hourly rate [is multiplied] by the number of hours reasonably expended on the litigation." Widrig v. Apfel, 140 F.3d 1207, 1209 (9th Cir. 1998). The lodestar figure may be adjusted based on an evaluation of the following Kerr factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the

---

[2] "Because the court finds that plaintiff is entitled to attorney's fees and costs under the ADA, the court does not address the standards for an award under California law." Chapman v. Pier 1 Imports, Inc., 2007 WL 2462084, at *1 (E.D. Cal. Aug. 24, 2007).

```
               client or the circumstances, (8) the amount
               involved and the results obtained, (9) the
               experience, reputation, and ability of the
               attorneys, (10) the 'undesirability' of the case,
               (11) the nature and length of the professional
               relationship with the client, and (12) awards in
               similar cases.
```

Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000); Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and therefore, it should only be enhanced or reduced in "rare and exceptional cases." Fischer, 214 F.3d at 1119 n.9 (citing Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986)).

ANALYSIS

I.  Reasonable Hourly Rate

The parties dispute the appropriate hourly rates to be used in calculating the fee award. Plaintiff requests rates of $350 per hour for attorney Lynn Hubbard, $225 per hour for associate attorneys Scottlynn Hubbard and Mark Emmett, and $90 per hour for paralegals. (Mot. at 3:18.) Plaintiff submitted the declaration of his attorney Lynn Hubbard III in support of the requested rates, in which Mr. Hubbard declares: "My current billing rate for services performed in non-complex litigation is $350 per hour. This rate is based upon my education, knowledge and experience as a litigation strategists and trial lawyer, my years of practice, and my success rate." (Hubbard Decl. at 3.) Plaintiff argues the rates he seeks were awarded in similar cases in this district, citing Dodson v. Albertson's, Inc., 2008 WL 298823, at *3 (E.D. Cal. Feb. 1, 2008), a case in which these rates were awarded, and Hooper v. Calny, Inc., CIV-S-03-0167 (E.D. Cal. Apr. 25, 2005), a case in which Plaintiff sought lower rates

1  ($265 for Lynn Hubbard, $175 for Scott Hubbard, and $75 for
2  paralegals), and in which the court awarded what it found to be
3  reasonable rates of $250 for an experienced attorney, $175 for an
4  associate attorney, and $75 for paralegals.  Plaintiff argues that the
5  higher rates awarded in Dodson should be awarded in this action "based
6  on [his attorneys'] years of experience, credentials and skill in a
7  given area of law."  (Mot. at 3:23-24.)  Defendant counters these
8  hourly rates are "excessive" and should be reduced to $250 per hour
9  for Lynn Hubbard, $150 per hour for the associate attorneys, and $75
10 per hour for paralegals.  (Opp'n at 11:22-25.)

11         Plaintiff also argued for the first time in his reply brief
12 "there is another reason that the requested hourly rate is reasonable.
13 Simply put, plaintiff's counsel is asking this court 'for a raise,' as
14 district judges have awarded the same hourly rate in this district
15 since 1998, and it's time for a cost-of-living raise to match
16 inflation."  (Reply at 4:4-9 (citations omitted).)  This new argument
17 will not be  addressed since "[t]he district court need not consider
18 arguments raised for the first time in a reply brief."  Zamani v.
19 Carnes, 491 F.3d 990, 996 (9th Cir. 2007).

20         "[B]illing rates 'should be established by reference to the
21 fees that private attorneys of an ability and reputation comparable to
22 that of prevailing counsel charge their paying clients for legal work
23 of similar complexity.'"  Welch v. Metro. Life Ins. Co., 480 F.3d 942,
24 946 (9th Cir. 2007) (quoting Davis v. City and County of San
25 Francisco, 976 F.2d 1536, 1545 (9th Cir. 1992)).  "Reasonable fees are
26 thus to be calculated according to the prevailing market rates in the
27 relevant community, with close attention paid to the fees charged by
28

4

1  lawyers of reasonably comparable skill, experience, and reputation."
2  Id. at 1545-46 (internal quotations and citations omitted).
3        The fee applicant has the burden of "producing satisfactory
4  evidence-in addition to the attorney's own affidavits-that the
5  requested rates are in line with those prevailing in the community for
6  similar legal services by lawyers.  A rate determined in this way is
7  normally deemed to be reasonable, and is referred to-for convenience-
8  as the prevailing rate."  Blum v. Stenson, 465 U.S. 886, 896 n.11
9  (1984).
10       In this case, Plaintiff has failed to produce satisfactory
11 evidence that the rates he requests are in line with those prevailing
12 in the community for similar legal services by lawyers.  All that
13 Plaintiff has produced is an affidavit from one of his attorneys in
14 which the rates Plaintiff now requests are included (this affidavit
15 says nothing about the prevailing market rate in the community), and
16 two cases: one in which the court approved the requested rates, and
17 the other in which the court found lower rates to be the prevailing
18 rates in the community.  Plaintiff's mere citation to Dodson, without
19 any other supporting documentation showing that the rates sought are
20 the prevailing rates in the community, is insufficient to satisfy his
21 burden.  Since Hooper discusses the prevailing rates in the community,
22 those rates will be awarded.  Therefore, Plaintiff is awarded rates of
23 $250 per hour for Lynn Hubbard, $175 per hour for the associate
24 attorneys, and $75 per hour for paralegals.
25 ///
26 ///
27 ///
28 ///

5

1 | II.  Hours Reasonably Expended
2 |       Plaintiff requests $15,829.53 in attorneys' fees and costs
3 | for 66.0 hours expended on this case.³  (Mot. at 1:11-13; 3:26-27.)
4 | Defendant challenges the reasonableness of the time billed by
5 | Plaintiff's attorneys for the following reasons: (1) the <u>Kerr</u> factors
6 | favor an adjustment of the lodestar calculation; (2) Plaintiff failed
7 | to split time between the two Defendants; (3) Lynn Hubbard should have
8 | used his associate attorneys to perform more of the "legwork"; (4)
9 | Plaintiff improperly billed clerical work to paralegals; and (5) some
10 | of the specific time entries should be reduced or eliminated as
11 | excessive.  (<u>See</u> Opp'n at 7:13-17:0.)  Plaintiff rejoins that 66 hours
12 | of work, "for a case that lasted over a year [is] an extremely modest
13 | and reasonable amount of work for this case."  (Reply at 3:18-21.)
14 | A.  Splitting Fees Between Defendants
15 |       Defendant argues it "should not be held responsible for the
16 | fees and expenses Plaintiff incurred with respect to [E. Bidwell &
17 | Glenn LLC]" and requests fees and expenses to be apportioned equally
18 | between the two defendants.  (Opp'n at 10:4-5, 10:15.)  Plaintiff
19 | rejoins that Defendant "provides absolutely no legal support
20 | whatsoever for this novel request" and the Defendants can indemnify
21 | each other if necessary.  (Reply at 8:11-22.)
22 |       Defendant Thrifty Payless "is not required to pay
23 | [Plaintiff] for expenses that are related exclusively to claims
24 | against" Defendant E. Bidwell & Glenn LLC.  <u>Martinez v. Longs Drug</u>
25 | <u>Stores, Inc.</u>, 2005 WL 3287233, *2 (E.D. Cal. Nov. 28, 2005).  A review
26 | of Plaintiff's counsel's time entries reveals that time spent for a

---

28 | ³ The $15,829.43 figure includes $15,451.24 for attorneys fees and $378.18 for litigation expenses and costs.  (Mot. at 4.)

6

1  conflict check and researching the proper defendants to name in the
2  lawsuit should be reduced by 2.15 hours as that amount of time was
3  related exclusively to Defendant E. Bidwell & Glenn LLC.[4]  The record
4  reveals, however, that the remainder of fees Plaintiff seeks are for
5  "expenses that he would have incurred even if [Thrifty] had been the
6  sole defendant."  <u>Martinez v. Longs Drug Stores</u>, 2005 WL 3287233, at
7  *2 (denying request to reduce by 50% fees generated while dismissed
8  defendant was still a party to the action).  Accordingly, the request
9  for a further apportionment of fees between the two Defendants is
10 denied.

11 B.  <u>Use of Associates to Perform Legwork</u>

12         Defendant argues Plaintiff's attorneys' fees should be
13 reduced because Lynn Hubbard, "the most expensive attorney in
14 counsel's office," should have used his associate attorneys to perform
15 the "legwork" in this case.  (Opp'n at 10:16-21.)  Lynn Hubbard billed
16 39.4 hours of the 66 total hours billed in this action.  (Mot. at
17 4:13-21.)  "The staffing and division of labor undertaken by
18 plaintiff's lawyers, however, appears reasonable. . . . With a limited
19 number of lawyers, it may simply be impractical to staff tasks with
20 perfect efficiency."  <u>Chapman v. Pier 1 Imports, Inc.</u>, 2007 WL
21 2462084, at *3 (E.D. Cal. Aug. 24, 2007).
22 ///

---

[4] Defendant argues that a conflict check is not a billable task, citing <u>Eiden v. Thrifty Payless, Inc.</u>, 407 F. Supp. 2d 1165, 1170 (E.D. Cal. 2005) ("The court . . . was not persuaded that Lynn Hubbard routinely bills paying clients and collects from them for time spent on conflict checks." (internal quotations omitted)).  However, because a conflict check "is 'necessary and directly related to [] litigation,' it is recoverable as attorneys' fees."  <u>Dodson v. Albertson's, Inc.</u>, 2008 WL 298823, at *3 n.2 (E.D. Cal. Feb. 1, 2008) (quoting <u>Michigan v. U.S. Envtl. Prot. Agency</u>, 254 F.3d 1087, 1093 (D.C. Cir. 2001) (awarding fees for conflict checks)).

C.  Billing of Clerical Time

Defendant argues "paralegal assistants cannot charge for time incurred on performing 'clerical' tasks. . . . Time entries including the service of documents, creating files, faxing, copying, and calendaring are clerical in nature." (Opp'n at 10:24-25, 11:15-16.) Plaintiff does not respond to this argument in his Reply. Accordingly, Plaintiff's request for fees for clerical tasks is denied. See Martinez v. Longs Drug Stores, Inc., 2005 WL 3287233, at *7 (denying fee request for clerical tasks when Plaintiff failed to establish a reasonable rate for clerical tasks); Martinez v. Thrifty Payless, Inc., 2006 WL 279309, at *4 (E.D. Cal. Feb. 6, 2006) (reducing paralegal fees because some clerical tasks were reclassified as paralegal tasks. "[S]ecretarial costs are deemed by courts within this circuit to constitute overhead . . . and are thus not separately reimbursable.")

D.  Specific Time Entries Should be Reduced or Eliminated

Defendant argues Mr. Hubbard and his staff over-billed and improperly billed for many tasks and makes detailed objections based largely on the assertion that Plaintiff's counsel billed for creating boilerplate documents used in prior cases. Based on a review of the record, the following reductions are made: preparation of fee agreement and letter to client regarding fee agreement reduced to .4 hours, see Eiden, 407 F. Supp. 2d at 1170 (making same reduction); acceptance to offer of judgment reduced to .2 hours, see Dodson, 2008 WL 298823, at *3 n.3 (making same reduction); preparation of bill of costs reduced to .3 hours, see id. (making similar reduction); preparation boilerplate motion for attorney fees reduced to 1.0 hour, see Martinez v. Longs Drug Stores, Inc., 2005 WL 3287233, at *8

1  (making same reduction); preparation of request for admissions reduced
2  to .5 hours, propounded interrogatories reduced to .6 hours, request
3  for documents reduced to .5 hours, draft demand letter reduced to .4
4  hours, see Eiden, 407 F. Supp. 2d at 1170 (making same or similar
5  reductions); phone calls with Arnold's office and McCleary reduced to
6  a total of .3 hours, (see McCleary Decl. ¶ 2) (declaring calls lasted
7  no more than 4 minutes), see Dodson, 2008 WL 298823, at *3 n.4 (making
8  same reduction).  Additional reductions for excessive time are also
9  made for reviewing short letters, meeting with staff regarding initial
10 disclosures, and for "gathering exhibits" for the attorney's fee
11 motion when only one exhibit was filed.  Defendant's additional
12 requests for reductions are denied as the time billed is reasonable.

13 III.  Kerr Factor Adjustment

14      Defendant argues that the Kerr factors require a downward
15 adjustment in the fee award for this action.  (Opp'n at 7-9.)
16 "Reviewing the Kerr factors not already addressed in arriving at the
17 lodestar figure, the court finds that this is not a rare or
18 exceptional case.  Accordingly, no upward or downward adjustment to
19 the lodestar figure is appropriate."  Dodson, 2008 WL 298823, at *4.

20 IV.  Litigation Expenses and Costs

21       Plaintiff requests $378.18 in litigation expenses and costs,
22 which comprises a $350.00 filing fee, $15.00 for service of process,
23 and $13.18 for overnight delivery of a discovery request.  (Mot. at
24 4:19-20; Hubbard Decl., Ex. A.)  However, Plaintiff already claimed
25 $365.00 of these costs in his Bill of Costs.  (Opp'n, Ex. 12.)
26 Therefore, Plaintiff is awarded $13.18 for litigation expenses and
27 costs.
28 ///

<u>SUMMARY</u>

For the stated reasons, Plaintiff is awarded $8,075.68 in attorney's fees and costs. This award is based on the following calculation:

```
Lynn Hubbard         20.65 hours @ $250/hr   =      $5,162.50
Lynn Hubbard         12.00 hours @ $125/hr   =      $1,500.00
Scottlynn Hubbard     2.10 hours @ $175/hr   =        $367.50
Mark Emmett           2.85 hours @ $175/hr   =        $498.75
Mark Emmett           4.00 hours @  $87.50/hr =       $350.00
Paralegals            2.45 hours @  $75/hr   =        $183.75
Litigation expenses and costs =                        $13.18
Total attorneys fees and costs =                    $8,075.68
```

IT IS SO ORDERED.

Dated: June 23, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge